# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x

ROWE PLASTIC SURGERY OF NJ LLC,  :  Case No. 2:25-cv-15053-BRM-MAH

       :

     *Plaintiff,*  :

       :  **ORDER**

   v.  :

       :

AETNA LIFE INSURANCE COMPANY,  :

       :

    *Defendant.*  :

---------------------------------------------------------------- x

On January 16, 2026, Chief Judge Bumb issued a stay and administrative termination order ("Stay Order") effectively staying lawsuits pending in this District wherein out-of-network providers seek to enforce Independent Dispute Resolution ("IDR") awards under the No Surprises Act ("NSA"). Under the Stay Order, this matter was designated the "Lead Case" to be litigated before the Court;

In anticipation of the forthcoming Stay Order, on January 12, 2026, Defendant, Aetna Life Insurance Company ("Aetna"), filed a premotion letter seeking permission to file a motion to dismiss Plaintiff's Amended Complaint which alleges an ERISA claim and a separate state law cause of action of unjust enrichment;

On January 20, 2026, Plaintiff filed its opposition to Aetna's request, and the Court scheduled a premotion conference for March 4, 2026;

On March 3, 2026, Aetna filed a letter requesting a companion lawsuit, *North*

*American Spine and Pain Institute v. Aetna Life Insurance Company*, No. 2:26-cv-2175-BRM-LDW, which contains different state law causes of action for (1) breach of express contract (click-wrap), (2) breach of implied covenant of good faith and fair dealing, (3) declaratory judgment, (4) account stated, (5) quantum meruit, and (6) promissory estoppel, be deemed related to the present matter so that the ERISA claim and all state law causes of action could be addressed by the Court;

On March 4, 2026, the parties appeard before the Court for the scheduled premotion conference; and for good cause having been shown:

It is on this ___ day of March, 2026,

**ORDERED** as follows:

1.      Within fourteen (14) days of this Order, Aetna shall file a motion for leave to file an omnibus motion to address the threshold legal question: whether an out-of-network provider, like Plaintiff, can seek to judicially enforce an IDR award by way of any cause of action under state or federal law, such as (1) violation of ERISA; (2) unjust enrichment; (3) breach of express contract (click-wrap), (4) breach of implied covenant of good faith and fair dealing, (5) declaratory judgment, (6) account stated, (7) quantum meruit, or (8) promissory estoppel;

2.      Within thirty (30) days after the filing of Aetna's motion, any non-party may file one (1) consolidated amicus brief in further support of Aetna's motion, not to exceed thirty (30) pages, on behalf of all such parties claiming an interest in the

2

legal issues presented in this matter;

3. Within fourteen (14) days after the filing of an amicus brief in further support of Aetna's motion, Plaintiff shall file its opposition to Aetna's motion;

4. **Plaintiff's proposed addition**:

Within thirty (30) days after the filing of Plaintiff's opposition, any non-party may file one (1) consolidated amicus brief in further support of Plaintiff's opposition, not to exceed thirty (30) pages, on behalf of all such parties claiming an interest in the legal issues presented in this matter; and

5. Within seven (7) days after the filing of Plaintiff's opposition [or an amicus brief in support of Plaintiff's opposition], Aetna shall file its reply brief in further support of its motion.

_____
HON. BRIAN R. MARTINOTTI
United States District Court Judge

3