GOTTLIEB & GREENSPAN

Ronald J. Herman, Esq.
Phone: (201) 633-3521
eFax: (201) 633-3521
rherman@gottliebandgreenspan.com

Bria Wilson - Paralegal
Phone: (201) 627-2426
Fax: (201) 627-2426
bwilson@gottliebandgreenspan.com

May 15, 2026

**<u>Via CM/ECF</u>**
Honorable Leda D. Wettre, U.S.M.J.
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**RE: Rowe Plastic Surgery of NJ LLC v. Aetna Life Insurance Company**
**<u>Civil Case No.: 2:25-cv-15053-BRM-LDW</u>**

Dear Judge Wettre,

This firm represents Plaintiff Rowe Plastic Surgery of NJ LLC ("Plaintiff") in the above-captioned matter. Pursuant to Your Honor's directive, issued during the May 8, 2026 telephone conference, this letter shall confirm that Plaintiff is proceeding with its Notice of Voluntary Dismissal *without prejudice* that was filed on May 7, 2026. *See* Letter from Plaintiff Rowe Plastic Surgery of NJ LLC, attached hereto. Consequently, this action must be terminated.

A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it. *See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 545, 547-58 (4th Cir. 1993) (district court may not vacate a timely filed notice of dismissal). Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff has an absolute right to voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). In analyzing Rule 41(a)(1)(A)(i), the Third Circuit Court of Appeals in *In re Bath & Kitchen Fixtures Antitrust Litig.* found that:

> First, a filing under the Rule is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action. Second, the notice results in a dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case. Third, the defendant has only two options for cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment.

535 F.3d 161, 165 (3d Cir. 2008).

Rule 41(a)(1)(A)(i) "affixes a bright-line test to limit the right of dismissal to the early stages of litigation," *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d Cir. 1987), which "simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not." *Id*. (quoting *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983)). Up to the "point of no return," dismissal is automatic and immediate – the right of the plaintiff is "unfettered." *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977); *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) ("[The notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court."). A proper notice deprives the district court of jurisdiction to decide the merits of the case. *See Manze*, 817 F.2d at 1065-66 (a district court may not decide defendant's motion to dismiss after plaintiff's effective Rule 41(a)(1)(A)(i) notice.).

Because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice. *Manze*, 817 F.2d at 1066. In *Manze*, the Third Circuit Court of Appeals rejected the defendant's argument that its motion to dismiss under Fed. R. Civ. P. 12(b)(6) was "equivalent" to a motion for summary judgment that should have barred the plaintiff's dismissal by notice. *Id*. There, while the Court acknowledged that defendant's preferred approach had some "theoretical appeal" because motions to dismiss may impose much labor and expense on parties and judges and are sometimes as time-consuming as motions for summary judgment, *Id*. at 1065 (citing *Tele-Views News Co. v. S.R.B. TV Publ'g Co.*, 28 F.R.D. 303, 307-08 (E.D. Pa. 1961), the drafters of Rule 41 provided for only two responses – answer and motion for summary judgment – as "point[s] of no return." *Id*. (quoting *Winterland Concessions*, 706 F.2d at 795). Therefore, it would be improper to graft a new category into the literal text of Rule 41. *Id*.

Here, Defendant Aetna Life Insurance Company did not file an answer or a motion for summary judgment. For these reasons, Plaintiff respectfully submits that its Rule 41(a)(1)(A)(i) notice of dismissal is effective and that this action must be deemed terminated. However, as previously stated in our May 7, 2026 letter, we propose that the Stay Order remain in place with a new case, that pleads both federal and state law causes of action, designated as the "Lead Case" with all interested parties preserving the right to appeal this Court's eventual decision.

We are available to participate in any follow-up conferences to address the content of this letter and to determine the next steps moving forward, including but not limited to establishing filing deadlines.

As always, we thank the Court for its continued courtesies.

Respectfully submitted,

/s/ Michael Gottlieb
Michael Gottlieb

/s/ Ronald J. Herman
Ronald J. Herman

Gottlieb & Greenspan, LLC
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410

cc: All Counsel of Record (*via ECF*)

Member

AMERICAN SOCIETY OF PLASTIC SURGEONS

Board Certified by American Board of Plastic Surgery

89 Valley Rd
Montclair, NJ 07042
Telephone: 212-628-7300 ext. 706
Facsimile: 212-628-7302

# Rowe Plastic Surgery of NJ LLC

To Whom It May Concern,

This letter shall confirm that due to circumstances that have risen in and outside the context of the lawsuit, Rowe Plastic Surgery of NJ LLC v. Aetna Life Insurance Company, Civil Case No. 2:25-cv-15053-BRM-LDW, and after discussion with our attorneys, Gottlieb & Greenspan, LLC, we wish to move forward with our voluntary dismissal of the aforementioned matter, without prejudice.

Thank you.

Sincerely,

Michael Manzo

Michael Manzo, CPC
A/R Manager
Rowe Plastic Surgery of NJ LLC